## JOHN H. SUMNER *vs.* SAMUEL STEWARD.

A replevin bond is valid, though made payable to the sheriff, his representatives and assigns.  Such bond may have but one " surety," and not purport to secure " charges," if it secure the " cost and damage."

An obligation to an officer and his " successor " does not, without a statute, enable the successor to sue in his own name.

The sheriff, in the execution of civil process, is, to many purposes, agent for both parties ; and a replevin bond, taken in his name, but duly prosecuted by some other party in interest, cannot be released by the sheriff.

THIS was an action of replevin, to which the defendant pleaded in abatement, that the writ was served without taking a bond pursuant to the statute.

The plaintiff, in his replication, took issue on that fact.

Upon inspection the return was found to state nothing in relation to the bond ; but the parties agreed, that the officer might amend it so as to make the whole bond a portion of his return ; and this being done, the sufficiency of the bond was questioned for the following reasons :—

Sumner
*vs.*
Steward.

1. It was not made payable to the defendant in the writ, nor to the sheriff and his successors, but to the sheriff, his representatives and assigns.

2. It was signed by only one surety ; and,

3. It purported to secure payment of " cost and damage," without any mention of " charges."

*J. H. Hubbard & Jarvis*, counsel for the plaintiff.

*G. B. Upham*, counsel for the defendant.

WOODBURY, J., delivered the opinion of the court.

(1) 1 N. H. Laws 413.
(2) 1 N. H. Laws 96.

The proper person to be the obligee in a replevin bond is not designated by our statute on replevin.(1)   The form of the writ(2) requires, that a bond of a certain description shall be given by the plaintiff to prosecute his suit ; but does not particularize to whom it shall be made payable.   Under these circumstances, courts would be inclined to sanction any form of the bond in respect to the obligee, which had become settled by uniform practice.

The practice on this point, however, has been different in different counties ; and the question must, therefore, be decided on original principles, aided by the usages in those places, from which our unwritten laws are derived.

The sheriff is a public officer of high responsibility, and the law, therefore, often devolves on him the duties of an agent to both the parties in civil process.   In replevin his responsibility is peculiar, and his agency for both parties not only direct, but necessary.   He takes property, often to a large amount, from the possession of one person and delivers it to that of another, who may be in circumstances wholly incompetent for indemnity, if the action fail.   Thus situated, he seems the most eligible person to receive the security, and to hold it in trust for him, who may afterwards become entitled to its benefits.   In this respect, he bears some resemblance to a judge of probate, who, in his decrees, acts for all ; and, therefore, takes bonds to himself for the safety of all.

By statute, however, the bonds taken in the probate office run to the judge or his successor ; but the insertion of the word successor cannot be proper, unless by statute ; because at common law a successor in office cannot, as such,

recover in his own name on obligations to his predecessor. This bond, therefore, was with propriety made payable to the sheriff, his representatives and assigns; and, as it should be lodged in court on the return of the writ,(1) it will be kept in *custodia legis* till a suit upon it becomes expedient. If the suit be then instituted in the name of such person, as the facts may warrant, i. e. in the name of the obligee or his representative or assign, and be prosecuted for the party in interest, a release would not be permitted by any but the party in interest, and the proceeds would be appropriated to effect the indemnity intended.(2)

In England, the bond always runs to the sheriff, (3) and this was the practice at common law, as well as since the statute of George II. *Bac. Ab.* "*Replevin*" *D.*—2 *Mass. Rep.* 196, 517.—*Willes* 275.—2 *Hen. Bl.* 40.—*Comp. Just.* 386.

In respect to the second objection, the statute on replevin requires, that the payment of " charges" shall be secured by the bond; but the writ does not mention " charges" *eo nomine*, though it requires security for the " cost and damage." The bond here conforms to the writ, and it would not be a forced construction to hold, that charges were embraced in the expression " cost and damage."

So in respect to the third objection, the language of the writ and statute disagree, and the sheriff has obeyed the former; for, in conformity to that, he has taken " sufficient *surety* or sureties," but has not, in literal conformity with the latter, taken " sufficient sureties."(4) It might, however, be deemed a substantial conformity with even the latter; for *Gilbert on Distresses*† 76, says, " it seems there must not necessarily be more pledges than one, if that be sufficient, though the words of the act are pledges in the plural number; because if one pledge be sufficient, the defendant hath no loss, and therefore the intention of the statute is answered, which provides for the defendant's safety." As to both these last objections, it may further be remarked, that the forms of our writs, being established by statute, are a part of the law of

Sumner
*vs.*
Steward.

(1) 11 Mass. Rep. 283, 285.

(2) 1 Wheat. 85.*

(3) 5 D. & E. 195, Dias vs. Freeman.

(4) Cro. Charles 446.

---

* 18 John. 439, Gibbs vs. Buel.
† 2 Barn & Ald. 440, Reppin vs. Cooper.—2 Marsh. 352, Austin vs. Howard.

the land in relation to the subject-matter of them; that the statute, which gave the form of this writ, was enacted two days after the statute on replevins; and, therefore, if contradictory in any part, it is so far a repeal of the statute on replevins. *Posteriores leges abrogant priores.*

The service of the writ is adjudged good, and there must be a

*Respondeas Ouster.*