SAMUEL PHELPS *versus* EPHRAIM H. MAHURIN.

Where suit is brought in the name of the payee of a negotiable note, and he disclaims any interest in the note, or any knowledge of the pendency of the suit, and it appears that the note was paid and taken by a third person, it will be considered as evidence of payment on the part of the defendant, unless such third person comes in, and shows that he paid and took it, under such circumstances, that he is entitled to be treated as an assignee.

THIS was assumpsit upon a note, dated, August 19th, 1824, for $55,00, made by the defendant, and drawn payable to the plaintiff, or his order, on demand, and interest.

Upon the trial, at May term, 1833, the making of the note was admitted. The defence was payment, and the defendant gave in evidence the deposition of Francis Wilson, which is made a part of this case.

The said Wilson testified that he was present, at the dwelling house of the plaintiff, at Guildhall, in Vermont, on the 23d of January, 1830, at a conversation between the plaintiff and Ephraim H. Mahurin. The said Mahurin asked the plaintiff what he had done with a note he had against him for about fifty-five dollars. The plaintiff replied that he had let Thomas S. Tillotson have the note, and that said Tillotson informed him that there was an agreement betwixt him and Mahurin for him to take it. The plaintiff farther said, that he no demand, or interest in said note, and that he knew nothing of the said note now being in suit. He also described the note as dated on or about the 19th of August, and that the said note was the only one which he had ever had against said Mahurin.

Upon this evidence a verdict was taken for the plaintiff, subject to the opinion of the Court upon the forego-

ing case, and the same was transferred to this court for decision.

*Pearson*, for the plaintiff.

*Bell*, for the defendant.

UPHAM, J. It appears from the testimony of Wilson, which is made a part of this case, that, sometime subsequently to the comencement of this action, the plaintiff admitted " he had no claim, or interest in the note now in suit, and had no knowledge that a suit had been commenced upon the note." This is sufficient to show that the plaintiff has no present interest in this claim, and the defence set up must be considered to prevail against him, so that judgment cannot be rendered for his benefit.

But it has been contended that there is sufficient evidence before the court to show an assignment of the note to one Thomas S. Tillotson, and if this is the case his rights as assignee should be protected. *Sumner v. Steward*, 2 N. H. Rep. 39. There is no endorsement of the note to Tillotson, and no evidence of any consideration having been paid by him, and so far as we can arrive at any conclusion, as to the nature of the delivery, from the testimony before us, the note seems to have been placed in Tillotson's hands as the agent of Mahurin, and for Mahurin's benefit, and Tillotson has no interest in it.

If this should prove to be the case, the defence of payment would be sustained both against Tillotson and Phelps. But it is unnecessary for the court to determine this point. It is sufficient that from his admission the plaintiff is not entitled to judgment in his own behalf. The verdict was therefore erroneously taken for the plaintiff.

Under the circumstances of the case the court will not permit judgment to be rendered against the defendant, unless some person, claiming to prosecute the suit, comes

in, and shows an assignment of the legal interest in the note to him, for a valuable consideration. The verdict must therefore be set aside, and

*A new trial granted.*