# Southwick & a. *vs.* Ely & a.

A party, in order to maintain an action in his own name as endorsee of a promissory note, must be shown to have an interest in the note, or to have commenced the action for the benefit of some person having an interest therein, together with authority to collect and receive the avails thereof.

The possession of such a note is *primâ facie* evidence of ownership, which, however, may be rebutted or explained by other evidence.

P., being the owner of a promissory note, payable to him or his order, signed by E. and R., endorsed and delivered the same to S. C. W., and took a receipt therefor, signed by S. C. W., in which was this recital, viz: " which note, if paid,

Southwick *v.* Ely.

we are to credit to the account of G. S.," and afterwards B., by the direction of P., and as his agent, demanded said note of S. C. W., who refused to deliver it up without first seeing G. S. It did not appear that P. was in any manner indebted to G. S., nor that S. C. W. had agreed to hold the note for G. S., nor even that G. S. knew of the existence of the note. It was *held*, that after the demand, P. had the sole interest in the note, and that S. C. W. had no such right or interest in it as would enable them to maintain an action against E. and R., either for their own benefit, or the benefit of G. S.

ASSUMPSIT •upon a promissory note, dated January 24th, 1840, for $200, payable to Freeman Palmer, or order, in sixty days, at the bank of Troy, N. Y., and endorsed by said Freeman Palmer. The defendants pleaded the general issue, and the facts in the case were as follows :

The said Freeman Palmer, on the 29th of January, 1840, left the note aforesaid with the plaintiffs, for which they gave a receipt, as follows :

" Received, Troy, January 29th, 1840, from Mr. Freeman Palmer, a note signed by Ely & Redington, and endorsed by him, dated January 24th, 1840, at sixty days, for two hundred dollars, which, if paid, we are to credit to the account of Mr. George Selden.

$200.00. Southwick, Cannon, Warren & Co."

In July, 1840, prior to the commencement of this suit, at the request of said Palmer, Dr. William Burns called on the plaintiffs at Troy, N. Y., and demanded said note, which they refused without first seeing Mr. Selden.

In March, 1840, a few days before the note was due, the defendants offered to pay $75.00 on the note and renew it for the balance, $125, to which the plaintiffs objected, claiming the whole as due by the terms of the note.

The parties agreed to submit the case to the opinion of this court upon the foregoing facts, that judgment should be entered for the plaintiffs for the amount of the note and interest, or for the defendants, as this court shall direct.

*Ainsworth*, for the plaintiffs. The question is as to the right of the plaintiffs to sustain this action. The plaintiffs must have possession and authority to collect, or an interest. The case

finds the plaintiffs having possession, and of course, *primâ facie,* an interest and right to commence a suit. A proper revocation would destroy the power of attorney to hold a note or commence a suit upon it.

Palmer, having lodged the note, and ordered the money when collected to be paid to Selden, gave an interest to Selden, and so could not revoke the authority. 11 *Johns. Rep.* 50, *Raymond* vs. *Squire;* 10 *B. & C.* 731; 2 *Esp.* 565.

The doctrine is that when a chose in action is assigned for the purpose of collection, it cannot be revoked.

A direction given to an agent to pay over the proceeds, is not revocable if given upon a valuable consideration.

In 3 *B. & C.* 842, the doctrine laid down was, that although a creditor has a right to insist on payment to himself or his appointee, yet he has no right to revoke, if his agent has promised to pay to the appointee. If Selden has any interest, and the plaintiffs are acting as agents of Selden, then they have abundant authority to maintain this action. The holder is *primâ facie* owner of the bill. 7 *Cow. Rep.* 176.

Could Palmer maintain trover against the plaintiffs? If a refusal to deliver up the note on request of Burns operated a conversion, then the suit is not sustained. It was a doubtful matter, and the plaintiffs had a right to refuse. If this was a case of a reasonable hesitation in a doubtful matter, the refusal worked no conversion. If the plaintiffs had a right to hold the note, then they were bound to use diligence to collect it.

*Bellows,* for the defendants. The plaintiffs had the note for collection. The plaintiffs are bound to prove Selden's interest, if they would maintain this action. The case is clear of all the positions of the plaintiffs.

If the plaintiffs had no interest, then, after the demand made by Burns, the agent of the plaintiffs, the possession of the plaintiffs was wrongful. They could not exercise control over the note, even if they could doubt as to their duty to deliver it up on demand being made of its re-delivery. 14 *Pick. R.* 172, *Sherwood* vs. *Roys.*

Southwick *v.* Ely.

A person holding a note as a mere depositary, cannot maintain an action upon it in his own name. *Wheeler* vs. *Guild,* 20 *Pick.* 545, was the case of a note deposited with Brigham and Goodrich as collateral security. The note became due before it was deposited. The principal note was paid, yet the payor made payment to the depositaries with knowledge of the facts. The payment was held to be unauthorized.

If a recovery in this case should be had, there could be no satisfaction. An authority to an attorney to collect is revocable if he have no interest. We say here was no interest in these plaintiffs. The case finds no interest, whatever evidence of interest a mere naked possession might afford.

WOODS, J. The plaintiffs, in order to maintain this action, must be shown to have an interest in the note in suit, or to have brought the action for some person having an interest therein, with authority to collect and receive the avails as the payee of the note, or some one showing himself entitled, by reason of an assignment or delivery to him by the payee. *Phelps* vs. *Mahurin,* 6 *N. H. Rep.* 535.

Have the plaintiffs shown themselves to have any interest in the note, or the suit to have been commenced in behalf of any one having an interest, and authorized to collect and receive the avails of the note? It is clear that the plaintiffs were, in the reception of the note, the agents of the payee, with power to collect and pay to Selden whatever might be thus collected. That power, however, was not executed, and was revocable at the pleasure of Palmer, the payee, as between the plaintiffs and himself, who delivered the note to them, and was revoked by virtue of the demand made by Burns for the re-delivery of the note. Burns was duly authorized by Palmer to make the demand, and that authority, not being questioned at the time of the demand by the plaintiffs, was effectual for the purpose of it.

But the plaintiffs contend that Selden, by reason of the deposite of the note with them, and the authority to pay the avails of the note to him when collected, acquired an interest in it, and that by reason of it they were obliged to endeavor to collect the

note in order to protect themselves from loss accruing from what would otherwise be deemed laches, and charge them with any loss arising therefrom. But no principle of law has been stated upon which it is shown that Selden is to be treated as interested in the note, or the plaintiffs as being liable to Selden for laches in failing to collect it, nor any authority cited to that effect. And we are unable to see upon what legal or equitable ground such an interest can be supposed to rest.

It does not appear that Palmer was indebted to Selden, or that Palmer had in any way contracted to let him have an interest in the note, or that any sum has been paid to Palmer, or is agreed to be paid, for any interest therein, or that the plaintiffs have in any way contracted with Selden to hold the note for him and in his behalf, or even that Selden knows of the existence of the note. Selden, then, upon the facts shown by the case, could have no claim to the note as against Palmer, or to the avails of it as against the plaintiffs, or to damages against them on the ground of laches. He had neither contracted for nor accepted any interest therein. For aught that appears by this case, a payment to and acceptance by Selden of what ought to have been collected, would at most have created an indebtedness for the same from Selden to Palmer. Palmer then alone had an interest in the note.

We do not forget that it was argued that the possession of the note by the plaintiffs was *primâ facie* evidence of ownership in them. And no doubt such is the rule of evidence in relation to the possession and ownership of promissory notes. But such proof is only *primâ facie*, and may be rebutted and explained by other evidence. And so it is in the present case. The case finds the circumstances under which the plaintiffs become possessed of the note, and shows that no interest in fact passed to and remained in them at the time of the commencement of this action.

*Judgment for the defendants.*