# REPORTS.

## HILLSBOROUGH,

### JULY TERM, A. D. 1845.

### BERRY *v.* GILLIS & a.

A bond of indemnity, given by the holder of a note to one of two joint promisors, is no defence to an action against the other promisor, even if the obligee has agreed to indemnify the latter against all joint debts.

A release to one of two joint promisors operates as a release to the other. But to have this effect it must be a technical release.

B. and G. as copartners gave a promissory note. The partnership was dissolved, and B. assumed the debts, and gave G. a bond to indemnify him. The holder of the note covenanted with B. to indemnify and save him harmless from the note, and to indemnify him against any claim which G. might make by reason of any payment of the note,—reserving, however, the right to recover of G. at any time within a year, without any obligation to indemnify ;—*Held*, that this was not a release, nor could it avail, in favor of G., as an estoppel, to avoid circuity of action.

A covenant not to sue one of two copartners does not operate as a release of the other.

The assent of an assignee in bankruptcy is necessary in order to pass the bankrupt's interest in such property as might by the assignment impose a liability upon the assignee. All other property vests in him by force of the assignment.

The party in whom is the beneficial interest in an action to recover a debt may prosecute in the name of another who has the legal title.

But after an assignment in bankruptcy which passes the debt, the bankrupt cannot sue in the name of a nominal plaintiff.

Evidence may be given under the general issue to show that the plaintiff on the record is merely a nominal plaintiff, and that the party prosecuting the suit has no beneficial interest in it.

ASSUMPSIT. The defendants named in the writ were two copartners, under the name of Gillis & Brown, and the declaration was upon a partnership note, dated November 3, 1836, payable to their own order, and indorsed. There was a count for money had and received. The writ was served upon Gillis only, who pleaded the general issue; and in a brief statement of his defence alleged that the note was, on the 26th day of May, 1841, the property of one French, who then and ever since has claimed to be the *bona fide* holder thereof; that on April 2, 1842, French filed his petition, and on the first day of November, 1842, was discharged in bankruptcy; and that French, November 26, 1841, released Brown from the payment of the note; and that by the release French and Berry virtually covenanted not to sue or recover the note from Gillis after one year from May 26, 1841; also that Berry was merely a nominal holder.

It appeared in evidence, that the plaintiff was a nominal holder for French's benefit, without interest in the note. It appeared also, that the partnership was dissolved soon after this note was given, and that Brown assumed the payment of all the debts, and gave Gillis a bond to save him harmless therefrom. A sealed instrument, dated May 26, 1841, was also introduced, executed by French, wherein, " in consideration of $10," paid by Brown, he covenanted with him, his heirs and assigns, that he would protect, indemnify and save them harmless from a note of the same date and tenor as that now sued, and would also indemnify them against any claim or demand, at law or in equity, which Gillis might at any time make upon Brown, by reason of any payment which Gillis or his legal representatives might make on account of the note, and from all costs, &c. *Provided,* that it should be lawful for French, or his legal representatives, to sue for, demand

Berry *v.* Gillis.

and receive the whole or any part of the amount of the note, and obtain satisfaction, in part or in whole, except so far as the same has been paid or satisfied by Brown, from Gillis and his legal representatives, at any time within one year from date ; and that, for any such payment or satisfaction made by Gillis, or his representatives, within the year, French or his assigns should not be called upon to indemnify Brown or his legal representatives. Berry, as the holder of the note, assented to the agreement, by a writing of the same date.

*Barstow,* for the defendants. We rely upon the writing signed by French, and assented to by Berry, for two grounds of defence : 1. The release of Brown operates as a discharge of Gillis. 2. The direct effect of the agreement is not to pursue his remedy against Gillis unless within a year.

*E. A. Dana,* (with whom was *J. U. Parker*), for the plaintiff. It is not necessary that the action should be brought in the name of the assignees of French. *Kinnear* v. *Tarrant,* 15 East 622. The possession of a negotiable and negotiated note, which passes by delivery, is enough to enable the holder to maintain an action thereon. *Alsop* v. *Carnes,* 10 *Johns.* 400 ; *Raymond* v. *Johnson,* 11 Johns. 488.

Except for the purposes of availing himself of some equitable defence against the real holder, the defendant cannot show the plaintiff to be a nominal holder.

The intention of the instrument introduced by the defendant appears to be to enlarge, rather than abridge, the rights of the covenantor. Gillis is in no way a party to the covenant, and cannot avail himself of its advantages. Brown only can use it as a defence, if any one can.

The release is either a technical release, or a release at law. A release of one or more joint promisors will not discharge the other from liability, unless it be a technical

release, under seal. 22 Pick. 305, *Shaw* v. *Pratt;* 1 Met. 276, *Smith* v. *Bartholomew.* This is not a release, but a bond of indemnity, and does not extinguish the debt. 2 Brock. 185, *Garnett* v. *Mason.* A like rule is laid down in 8 N. H. Rep. 372, *Durell* v. *Wendell.* A copartnership liability stands in this respect upon the same ground as any other form of joint, or joint and several, liability. 2 B. & B. 38, *Solly* v. *Forbes.*

PARKER, C. J. This action is founded upon a promissory note, signed by the copartnership of Brown & Gillis; the defendant, Gillis, being one of the partners. Berry, the plaintiff, it is conceded is only a nominal party, holding the note for the benefit of French, who appears from the case to be the party in interest prosecuting the suit.

Two principal questions arise in the case:

1. Whether the covenant of French to indemnify Brown, executed May 26, 1841, can avail the defendant, Gillis, as a release, or covenant not to sue, which will bar the action.

2. Whether, by the bankruptcy of French, the title to, and interest in, the note passed to his assignee, so that French has no right or interest which he can prosecute, either in his own name or in the name of a third person.

Upon the first question there seems to be no well-founded doubt, for several reasons. Gillis is not a party to that instrument nor to the transaction upon which it is founded. It is a personal contract between French and Brown, the other partner, who, although a defendant in this action, has not been summoned. Brown does not attempt to set up the covenant in defence, and the only ground upon which Gillis claims the benefit of it is that he holds Brown's obligation to indemnify him against the partnership debts, and that he is entitled therefore to use French's covenant to Brown by way of defence, in order to avoid circuity of action. If this instrument were technically a

release of Brown, Gillis might avail himself of it as an extinguishment of the debt, the release of one of two joint debtors being at law the release of the other. But to have this effect it must be a technical release, under seal. 22 Pick. 305, *Shaw* v. *Pratt;* 8 N. H. Rep. 373, *Durell* v. *Wendell.* This instrument not only has no words of release, but its terms clearly negative any intention that it should operate as a release. It is substantially an engagement to indemnify Brown against any recovery upon this note directly against him, and a covenant to indemnify also against any recovery which should be had against Gillis after the term of one year; being entirely inoperative to protect Brown against the consequences of a recovery by French against Gillis within the year, and a recovery by Gillis against him on his engagement to indemnify Gillis against all the debts. If there should be a recovery against Gillis after the year, he may or may not recover against Brown upon the contract to indemnify him, and French has not agreed to indemnify Gillis, nor to indemnify Brown for any payment by Gillis, except so far as Gillis shall recover of him. Why a contract of indemnity, thus limited, was executed, does not appear; and we need not be curious upon the subject. It is sufficient that the note is not released, and the holder is not bound not to sue Gillis, nor to indemnify Brown against the consequences of any suit which he may prosecute against Gillis within a year, nor for any thing recovered of Gillis after the year, except so far as Gillis recovers of Brown.

Under these circumstances Brown himself could not put this contract of indemnity in defence, in this suit, if he had been summoned. It is not a release to him ; and, as a contract to indemnify, it could not avail as an estoppel in order to avoid circuity of action. The terms of the indemnity were not commensurate with the obligation. In *Garnett* v. *Mason,* 2 Brock. 218, Mr. Ch. J. *Mar-*

*shall* said: "I think the proposition may be stated, without fear of being disproved by the books, that a covenant, containing no words of release, has never been construed as a release, unless it gave to the party claiming that construction a right of action, which would precisely countervail that to which he was liable; and unless, also, it was the intention of the parties that the last instrument should defeat the first."

There is a distinct implication of a reservation of the right to sue Gillis, without responsibility for the consequences of the recovery against him, had within a year; and, although that time has elapsed, that fact does not appear to change the nature of the instrument, or the principles applicable. It does not appear, from any thing in the case, that French had any knowledge, when he executed this instrument, that Brown had agreed to indemnify Gillis against the debts of the partnership; and if he had no notice of that fact, the claim of Gillis, against which he is bound to indemnify Brown, may be merely a claim for contribution as a copartner, and not a claim founded upon Brown's contract of indemnity to Gillis, to which French was not a party. A covenant not to sue one of two partners does not operate as a release of the other. 6 Taunt. 289, *Hulton* v. *Eyre.* A covenant to indemnify one of two partners against a certain partnership debt, cannot have any greater operation, even if the covenantor be the creditor. A release of one of two partners, with a reservation of a right to sue, to enforce the claim against the other, is no bar to an action against both. 2 B. & B. 38, *Solly* v. *Forbes.*

The second question involves some others, respecting which there has not been an entire unanimity of opinion.

It does not need authority to sustain the position that an action may be brought in the name of a party who has no interest, if there is cause of action, and he appear to have the legal title.

In this case French, the bankrupt, might, before the bankruptcy, have brought the suit in the name of the plaintiff. Had he done so, his assignee might have prosecuted it. Where a demand is in a situation that the bankrupt could have instituted a suit in the name of a third person, the assignee may do the same.

It is not a legal objection to this suit, therefore, that it is prosecuted in the name of a third person, if the assignee prosecutes it. But it is alleged that the assignee does not prosecute; that it is in fact the suit of the bankrupt, and that the assignment, having transferred all the effects of the bankrupt, he can no longer sustain or prosecute the suit. This raises a more difficult question. If the demand has by the assignment passed to the assignee absolutely, so that the bankrupt has no right to claim the avails, he has no interest which he can assert, either in his own name or in that of another; and of course he is not entitled to maintain a suit in the name of any one. 6 N. H. Rep. 535, *Phelps* v. *Mahurin;* 8 A. &. E. 470, *Young* v. *Beckwith.*

Upon the question whether the debt, if one exists in this case, has passed to the assignee, the authorities are somewhat conflicting. It is generally said that, by the assignment, all the property of the bankrupt passes to the assignee. So is the language of the statute of 1841. But it is different with leases held by the bankrupt paying rent. Unless the assignee assents, he cannot be charged with rent until he has entered or adopted the lease. Until such assent on the part of the assignee, the interest in the lease does not pass by the assignment; and some cases lay it down as a general principle, that no property passes except by the assent of the assignee. So is the opinion of *Ware,* district judge, sitting in bankruptcy in Maine, under the statute of 1841. 6 Law Rep. 313, *Smith* v. *Gordon.* But Lord *Kenyon,* in *Webb* v. *Fox,* 7 T. R. 396, says: "As far as respects the property at the time of

the bankruptcy, there is no doubt that it all passed under the assignment." And Lord *Ellenborough*, in *Copeland* v. *Stephens*, 1 B. & Ald. 602, says, that, generally speaking, it is indisputable that all the personal estate of the bankrupt passes by the assignment; and he makes leases of real estate an exception, saying that such a term differs from the debts of the bankrupt, and his unincumbered effects and chattels. If the claim has vested in the assignee, the bankrupt cannot recover. 8 A. & E. 470, *Young* v. *Richworth*. In *Hillary* v. *Morris*, 5 C. & P. 6, it was held that the bankrupt could not recover, although the assignee disclaimed. But in that case the assignee had brought an action; and it is held in relation to leases that if there has been an assent, the assignee cannot afterward reject. 1 B. & Ald. 304, *Hanson* v. *Stevenson;* 8 Taunt. 325, *Hill* v. *Dobie;* 7 Taunt. 206, *Thomas* v. *Pemberton;* Holt, N. P. 290, *Hastings* v. *Wilson;* Ryan & M. 207, *Clark* v. *Hume.*

We are of opinion that on principle the exception should be confined, as suggested by Lord *Ellenborough*, to leases of real estate; or rather to cases where the assignee would by the assignment itself be subjected to a liability if the property passed to him. It may consist, as an exception, that the assignee shall not be held, unless by his consent, to take what will charge him with a burden. Taking the title to a debt or claim does not charge him with a liability to the party from whom it appears to be due. Prosecuting it afterwards may do so, but he is not bound to prosecute, if there be well-founded doubts of its validity.

A bankrupt, whose property is gone by the assignment, and who, therefore, may not have the means to pay costs, should not be permitted, at his election, to prosecute claims which may be doubtful, while the claims against him are to be proved against his assets, in the hands of the assignee. As claims can no longer be pursued against

him, those against whom he had claims should no longer be compelled to answer to him, either in person or in a suit which he prosecutes. It should not be in the power of the assignee to leave in his hands whatever the assignee may assume to think not beneficial to the creditors ; thus leaving it at the election of the assignee whether the debtors of the bankrupt shall remain his debtors, or shall become the debtors of the assignee. The debtors are entitled to know to whom they are indebted. The language of the statute should have its full force and reasonable effect. This action, therefore, ought not to be maintained unless it is prosecuted by the assignee.

Here the further question, whether the objection should be taken by plea, or by evidence in defence, or by a motion to stay proceedings, seems not to be settled. If the bankrupt has caused an action to be commenced without authority, the proceedings may be stayed. 1 Tidd's Prac. 470 ; Howe's Prac. 434, b. II., ch. 10. As the court has authority to protect the rights of the plaintiff in interest when the writ is in the name of a nominal plaintiff, so we may protect the defendant against a suit by one person in the name of another, where the plaintiff on the record has no interest, and the real plaintiff has no right. 6 N. H. Rep. 536, *Phelps* v. *Mahurin.*

The case of *Kinnear* v. *Tarrant*, 15 East 622–630, would seem to be in favor of permitting the objection to be taken by plea, if the action is in the name of the bankrupt. The same principle should apply if the bankrupt brings an action in the name of a third person who has no interest. *Phelps* v. *Mahurin* tends to show that the matter may be given in evidence under the general issue ; and we perceive no objection to this course, if the plaintiff on the record has no interest and the real plaintiff no right. There is in such case no right of action in any one prosecuting the suit.

On this case as it stands, therefore, the verdict must be

set aside, and there must be judgment for the defendant, upon the ground that neither the nominal plaintiff, nor the party who prosecutes the suit in his name, has any cause of action.

But it has been suggested that the assignee is in fact the party prosecuting this suit in the name of Berry, and that this fact was not, from inadvertence, inserted in the case. If this be so, upon proof of that fact, there may be a new trial instead of a judgment for the defendant.