## DURELL *vs.* WENDELL and al.

A covenant not to sue one of two or more joint and several promissors, who are principals on a note, will not operate as a release to discharge the other promissors.

THIS was an action of debt, upon a judgment of the court of common pleas for the county of Strafford, rendered at the April term of said court, in 1831, for the sum of $1403 26 damage, and for costs of suit upon a joint and several note, dated August 20, 1827, which note was executed to the plaintiff by Abraham and Jacob Wendell, (the present defendants) then partners in trade ; and by John N. Sherburne and John Blunt, then also partners in trade ; and by John Williams and by Isaac Wendell, at which term of said court a judgment was also rendered in another suit upon the same note, against the said Sherburne & Blunt, for a like sum of $1403 26 cents damage, and for costs of suit.

The case was submitted to the decision of the court on an agreed statement of facts, by which it appeared, that the plaintiff, on the 5th day of July, 1834, entered into a contract, under his hand and seal, to and with the said Sherburne & Blunt, partners aforesaid, and co-signers of the note on which the execution now in suit is founded, by which contract the plaintiff, "in consideration of the ina-
'bility of said Sherburne & Blunt to pay the full amount
'of the execution recovered against them on the same note
'aforesaid, and of their proposition to pay a less sum than
'the face thereof, covenanted and agreed to and with them,
'on their paying said sum, and in consideration therefor,
'and that there were other signers upon the original note
'on which judgment against said Sherburne & Blunt was
'rendered, that he would not call upon them, or either of

' them, or their executors or administrators, to pay any fur-
' ther sum or portion of said judgment and execution than
' the amount agreed on as aforesaid; but that he would
' wholly rely upon the other parties to the original note on
' which said judgment was rendered for the balance of said
' judgment and note. And it was expressly agreed and
' understood, that said covenants should in no way prejudice
' the plaintiff, or his executors or administrators, in any suit
' or action he or they might commence against any party or
' parties to said original note, or judgment thereon, rendered
' for the recovery of the balance due on the same, excepting
' only the said Sherburne & Blunt, and their executors and
' administrators."

The defendants contended that said covenants operated
in law as a release of the debt; and it was agreed, if it was
so adjudged by the court, that judgment was to be rendered
for the defendants—otherwise for the plaintiff, for the bal-
ance due on the note and execution.

*Durell*, for the plaintiff, contended that a covenant not to
sue did not constitute a release; that it was sometimes con-
strued as such when there was but a sole debtor, and the
contract was entered into with him—but was never so holden
where the covenant was not to sue one of two or more joint
debtors—and cited 1 *Ld. Ray.* 668 ; 2 *Salk.* 575 ; 2 *Saund.*
48, *note* 1 ; 7 *Petersdorf's Ab.* 81, 82, 83 ; 17 *Mass.* 584 ;
2 *Johns.* 448 ; 7 *Johns.* 207 ; 9 *Cowen* 37 ; 9 *Wend.* 336 ;
4 *Green.* 421 ; 4 *N. H. R.* 97 ; 2 *Brod. & Bing.* 38 ; 2
*Barn. & Adol.* 889.

*Bartlett*, for the defendants, contended that a covenant
not to sue was equivalent in its effect to a release ; was so
holden betwixt the parties directly interested in it, and in
principle should be regarded as a release of the debt, and a
discharge of all co-promissors. *Cro. Eliz.* 623, *Hodges* vs.

*Smith ;* 3 *Salk.* 298; 12 *Mod.* 415, 548; *Cowp.* 47; *H. Blackstone* 149; 1 *Show.* 46, *Ayliff* vs. *Scrimsheire.*

A defeasance, or release of a covenant, as to one of joint and several covenanters, is a defeasance to all. *Clayton* vs. *Kynaston,* 12 *Mod.* 221; 1 *Ld. Ray.* 419; 2 *Salk.* 573; 2 *Roll. Abr.* 412, (*G*) *pl.* 4, 5.

UPHAM, J., delivered the opinion of the court.

In this case the makers of the note on which execution has been recovered, were joint and several promissors ; and the only question for decision is, whether such a contract has been entered into betwixt the holder of the note and one of the makers, as to constitute a release of the debt.

The terms of the covenant entered into were, that the plaintiff would not call for, or receive of one of said makers, any sum on said note, or the execution recovered thereon, beyond a given proportion of the same ; but would wholly rely on the other makers of said note for payment of the balance thereof ; and it was expressly agreed that said covenant should in no manner preclude any suit against the other signers of the note, for any farther sum due thereon.

It may be well to enquire as to the effect of this arrangement on the other partners in interest. Have the other promissors any cause of complaint with this arrangement? Would it not be the ordinary presumption, that a compromise, for the purpose of collecting a portion of the amount due of one promissor, if made for the benefit of the holder of the note, would be equally for the benefit of the other promissors? If not equally for their benefit, would they be deprived of any remedy against their co-promissor, or any right of contribution from him, if compelled to pay more than an equal proportion of the debt? It is apparent that the other promissors would be likely to be prejudiced in neither of these particulars.

No injustice, then, could accrue to them by such an arrangement.

But whatever may be the effect of the contract in these respects, if it in law operates as a release of one of the signers of the note, it discharges the whole.

It is clear that the contract is nothing more than a covenant not to sue; and a mere covenant not to sue is never technically a release. A release is an absolute extinguishment of a debt; and is essentially different from the limited nature of an engagement which extends merely to prevent enforcing a claim at law.

Where, however, the covenant not to sue is made with the sole signer, or with the several signers of an instrument, to avoid circuity of action such a covenant may be pleaded as a release, but it can be so pleaded only betwixt the actual parties to the contract; and it will never be construed as a release unless it gives the covenanter a right of action which will precisely countervail that to which he is liable, and unless, also, it was the intention of the parties that the last instrument should defeat the first. 2 *Brock* 185, *Garnett* vs. *Mason*; 12 *Mod.* 415, *Lacy* vs. *Kynaston*; 1 *Ld. Ray.* 668; 4 *N. H. R.* 97, *Parker* vs. *Holmes*; 2 *Saund.* 48, *Fowell* vs. *Forrest, note*; 1 *D. & E.* 446, *Smith* vs. *Mapleback.*

Courts in this way overlook the precise character of the instrument, in order most readily to secure the design of the parties; but where there are two or more obligors, or promissors, a covenant not to sue one is never construed as a release, as that would discharge the other signers, and would directly conflict with the manifest intention of the parties. The covenant is then regarded as it is in fact, and as forming in no manner a release. 8 *D. & E.* 168, *Dean* vs. *Newhall*; 6 *Taun.* 289, *Hutton* vs. *Eyre*; 4 *Green.* 421, *Walker* vs. *McCullock*; 17 *Mass.* 585, *Tuckerman* vs. *Newhall*; 15 *Mass.* 112, *Gibson* vs. *Gibson*; 2 *Johns.* *Cuyler* vs. *Cuyler*; 7 *Johns.* 207, *Rowley* vs. *Stoddard.*

In *Dean* vs. *Newhall*, above cited, the covenant entered into was, not to sue an obligor who was the principal on a

bond.   The defendant, who was merely a surety, contended that this contract with the principal was a release of the debt, and that he was thereby discharged.   But the court held otherwise.   No exception appears to have been taken, that the covenant might operate as giving day of payment to the principal debtor, to the prejudice of the surety.

Had the contract been not to sue the principal debtor for a specific time, it would have been giving a day of payment, and a contract, for a valuable consideration, not to sue at all, would seem to be still more objectionable.   How far such a contract with a principal debtor would avail a surety, or an endorser standing in the light of a surety, it is unnecessary now to determine.

Here, for aught that appears, all the makers of the note are principals ; and we have no hesitation as to the correctness of the general rule of law applicable to such a case, that a covenant not to sue one of two or more joint and several promissors, who are principals upon a note, will not operate as a release, so as to discharge the other signers.

*Judgment for the plaintiff.*