## Snow *vs.* Chandler.

A covenant not to sue one of two or more joint trespassers, will not operate as a discharge of the other trespassers.

Nothing short of payment of damage by one of two or more joint trespassers, or a release under seal, will have this effect.

Where money is paid, however, by one trespasser, in part of damage occasioned by a joint trespass, the amount so paid will be regarded as satisfaction to that extent, and should be deducted by the jury in the making up of their verdict, where greater damage is found by them, or it may be regarded as full compensation, if the money paid is equal to the injury received.

THIS was trespass, for assaulting and beating the plaintiff on the 4th day of September, 1838.

The case was tried on the general issue, and a brief statement filed, alleging that the trespass, if any, was committed by the defendant and one George Holt; and that the plaintiff received and accepted of said Holt the sum of twenty dollars, in full satisfaction of said trespass.

The trespass alleged was proved. The defendant, in support of his brief statement, proved that a few days after the occurrence, the mother of said Holt, he being a minor, applied to one White to procure a settlement with the plaintiff for the injury he had received—that White went to the plaintiff and his father, for the purpose, and after some conversation between them on the subject, the plaintiff and his father refused to settle, except upon the conditions and to the extent following, to wit. :—That he, White, might leave with them twenty dollars, and in case they should think proper, at any future time, to prosecute Holt, they should be at liberty to do it on refunding the sum so paid :—to which the said White agreed, and the money was paid accordingly. It also appeared that before and at the time of receiving the money, the plaintiff and his father declared they would not settle with Chandler for five hundred dollars.

It was admitted that the twenty dollars had never been refunded.

The counsel for the defendant requested the court to in-

struct the jury, that the payment of the twenty dollars was a bar to any suit against Holt for the assault, until said twenty dollars was refunded, and that if the plaintiff is barred from a suit against Holt, he cannot, so long as that bar exists, maintain an action against Chandler, he being a joint trespasser; but the court declined thus to charge the jury, but instructed them that the twenty dollars so paid and received as aforesaid, was not a bar to this action, but must be considered in part payment of the damage sustained by the plaintiff by said assault and battery; and that, should they find the plaintiff entitled to a larger sum, they would render a verdict for the balance; but in case they should find the twenty dollars an adequate compensation for the injury the plaintiff sustained, they would find a verdict for the defendant.

The jury returned a verdict in favor of the plaintiff, for eighty dollars. The defendant excepted to the ruling of the court, and moved for a new trial.

*Mead,* for the plaintiff.

*Chamberlain, & Vose,* for the defendant.

UPHAM, J. In this case the strongest ground on which the defendant can place his defence is, that the contract with Holt, by which the twenty dollars was received, was a covenant not to sue *him ;* and it is argued that if this agreement can have such effect, it bars the plaintiff from a suit against either trespasser. But we are not aware that this result necessarily follows.

It is well settled that a covenant not to sue one of several debtors will not operate to discharge all the debtors : and the reason assigned for this, in the Massachusetts cases, is, "because it cannot be inferred from such a covenant that it was the intention to discharge the debt." 8 *Mass. R.* 480, *Ruggles* vs. *Patten ;* 16 *Ditto* 24, *Sewall & a.* vs. *Sparrow ;* 17 *Ditto* 623, *Shed* vs. *Pierce & a.* The same is holden in

*Walker* vs. *McCulloch,* 4 *Green.* 421; and it is there said that "nothing short of *payment* by one of several joint debtors, or a release under seal, can operate to discharge the other debtors from the contract."

These authorities have been fully sustained in this state, in the case of *Durell* vs. *Wendell & a.,* 8 *N. H. Rep.* 369.

There seems to be no reason why a more favorable rule should be established as to what may constitute a release or discharge of a claim of damages in trespass, where there are joint trespassers, than a release of a debt where there are joint debtors.

There can be no reason why damages for a wrong done should be more easily settled and cancelled than a claim for a debt due; or that the law should favor the discharge of trespassers more than the release of debtors.

The *principle* of the decisions, therefore, as to what constitutes a release of a contract where there are joint debtors, is fully applicable; and we see no objection to holding, in this case, that a covenant not to sue one of two joint trespassers does not operate as a discharge of the other trespasser, for the same reason assigned in the Massachusetts cases as to joint debtors, "because it cannot be inferred from such a covenant that it was the intention to discharge the *claim of damage.*"

The general rule, also, as stated in the case in Greenleaf, as to joint debtors, may well be applied in case of joint trespassers, viz., that nothing short of payment of damage by one of two joint trespassers, or a release under seal, can operate to discharge the other trespasser.

If so, a covenant not to sue Holt would avail nothing in defence to this action, and nothing short of payment by him for the damage sustained can discharge this defendant.

No release of damages was here given; and the only question is, whether the sum paid was in *satisfaction* of the damage incurred. If it was not so *received,* it is clear that the claim is not discharged.

Snow *v.* Chandler.

The evidence is, that at the time of receiving the money from Holt, the plaintiff declared that he would not settle with Chandler for five hundred dollars. The substance of the arrangement betwixt the plaintiff and Holt seems to have been this: That the plaintiff was willing to receive a small portion of the damage from Holt, either for the reason that he conceived him to be less to blame than the defendant, or that he was less able to pay his proportion of the damage; and on condition of receiving this sum the plaintiff engaged to pursue the defendant for the remainder of his claim. It is clear that the sum paid was not received in *satisfaction* of the damage, but only in *part satisfaction;* and the fact that it was coupled with the engagement not to sue Holt does not alter the case. It is still but a partial satisfaction of the damage, and the plaintiff may sue or omit to sue whom he pleases, by contract or otherwise. The other trespasser has no equitable or legal claim to prevent such an arrangement. He remains liable for the whole damage, until satisfaction is made.

If the individual receiving the injury sees fit to *visit* the penalty upon any *one* guilty individual rather than another, such individual has no right to complain. It is part of the necessary liability that he incurs in committing the trespass, and should serve to deter him from such wrongful acts. At the same time, any partial payment by a co-trespasser avails so far for his benefit. Such was the ruling in this case. To this extent the defendant can avail himself of the plaintiff's arrangement with his co-trespasser, but there was nothing in that contract which constitutes a bar to this suit. There must, therefore, be

*Judgment on the verdict against the defendant.*