[Department Two.— July 31, 1883.]

F. B. WHITING, APPELLANT, v. PLUMAS COUNTY, RESPONDENT.

VOLUNTARY PAYMENTS — DEBT — RECEIPT OF PART — ESTOPPEL. — The plaintiff was county clerk and *ex-officio* auditor of Plumas County. He was entitled to certain fees as clerk, and to certain fees and percentages as auditor. During a period specified in the complaint, his fees as clerk were paid by him into the county treasury under an act of the legislature which was subsequently declared invalid, but he received back on account of such fees and for services rendered the county as clerk various sums larger in the aggregate than the amount paid in. During the same period, the fees and percentages allowed him as auditor were paid into the treasury by the tax collector under the same act. The suit was brought to recover a balance alleged to be due on account of the moneys paid into the treasury as above stated, such balance consisting of the amount paid in, less the amount received by the plaintiff as clerk, the latter amount being treated as part payment. *Held*, that the plaintiff is entitled to recover, that the question of voluntary payments does not arise in the case because he received back as clerk more than he paid in, that the receipt or acceptance of a part of the indebtedness was not a satisfaction of the whole, nor a waiver of the right to recover the balance, and that the doctrine of estoppel has no application.

APPEAL from a judgment of the Superior Court of Plumas County.

The complaint was demurred to and the demurrer sustained, and a final judgment was thereupon entered in favor of the defendant. The facts stated in the complaint, so far as it is necessary to give them, appear in the opinion.

*D. W. Jenks*, and *J. D. Goodwin*, for Appellant.

*R. H. F. Variel*, for Respondent.

SHARPSTEIN, J. — The plaintiff was clerk and *ex-officio* auditor of Plumas County, and as such entitled to certain fees as clerk, and to certain fees and percentages as auditor, which fees and percentages the tax collector, during a certain specific period, paid over to the county. The plaintiff during the same period paid the fees received by him as county clerk into the county treasury. During the same period he drew from the treasury one hundred and twenty-five dollars per month, which was more than the fees received and paid in by him as clerk, but less than the aggregate of the fees and percentages to which he was entitled as clerk and auditor. His fees and percentages

as auditor, as above stated, were paid into the county treasury by the tax collector. During the period above referred to it was supposed that the Act of March 26, 1878, entitled, "an act in relation to certain officers of Plumas County, and to fix the compensation thereof," was a valid act. In *Whiting* v. *Haggard*, 60 Cal. 513, this court determined that it was not.

The payment by the clerk of the fees received by him as clerk into the county treasury, and drawing therefrom one hundred and twenty-five dollars per month, was wholly unauthorized by the law then in force. But no particular harm could result therefrom, because the amount which he drew, during the time the act above referred to was supposed to be valid, was less than the fees paid in by him and the fees and percentages to which he was entitled, paid in by the tax collector. Crediting the county with the amount drawn out during the aforesaid period, and debiting it with the sums paid in, to which the plaintiff was entitled, there is a balance in his favor of $1,193.69, for the recovery of which this action is brought. The claim is not an inequitable one, and the allowance of it will simply place the parties where they would be if the law had been strictly complied with. One of the grounds upon which the claim is resisted is that the payment by the plaintiff of his fees into the treasury was voluntary. But he only paid in the fees he had received as clerk, and he has drawn an amount considerably in excess of the sum so paid. In other words, the county has voluntarily paid him more than he paid the county, and he very properly credits the county with the excess in his account against the county for fees and percentages to which he was entitled as auditor, and which were turned over to the county by the tax collector. That is, he in effect says to the county: "I am entitled for fees and percentages as auditor from the first Monday of March, 1880, to the 31st day of March, 1882, to the sum of $2,228.53, of which I have received $1,034.84, leaving a balance due me of $1,193.69."

Unless the receipt of a part of what was due him constitutes a waiver of his right to recover the balance, we cannot conceive upon what ground such right can be defeated, and nothing is better settled than that the receipt or acceptance of a part of a debt is not a satisfaction of the whole, nor a waiver of the right

to recover the balance. The case as presented by the record before us is not one to which the doctrine of estoppel will apply.

Judgment reversed and cause remanded, with directions to the court below to overrule the demurrer to the complaint, with leave to the defendant to answer within ten days after receiving notice thereof.

THORNTON, J., and MYRICK, J., concurred.

Hearing in Bank denied.