(February 28, 1921.)

## JOHN H. YOUNG, Respondent, v. A. L. ANDERSON, Appellant.

[196 Pac. 193.]

TORTS—RELEASE OF ONE TORT-FEASOR—CONSIDERATION FOR RELEASE OF ONE TORT-FEASOR—REDUCTION PRO TANTO OF AMOUNT RECOVERABLE AGAINST ANOTHER.

1. A release of a cause of action against one tort-feasor is not a bar to an action against another independent tort-feasor.

2. The consideration received by one injured as a consequence of a tort committed by two or more tort-feasors operates to reduce *pro tanto* the amount of damages he is entitled to recover against any other tort-feasor responsible for his injuries, and this is true whether the tort-feasors be joint or independent.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action for damages, with counterclaim by defendant. Judgment for plaintiff. *Affirmed.*

----

1. On effect of release of one joint tort-feasor on liability of other, see notes in 11 Am. St. 906; 92 Am. St. 873; 1 Ann. Cas. 63; 11 Ann. Cas. 397; Ann. Cas. 1913B, 270; 58 L. R. A. 293; L. R. A. 1918F, 363.

O'Connor & Anderson, for Appellant.

"If injury follows as the combined result of the wrongful acts of several acting independently, recovery may be had severally against each of such independent tort-feasors, in proportion to the contribution of each to the injury." (*Woodland v. Portneuf-Marsh Valley Irr. Co.*, 26 Ida. 789, 146 Pac. 1106.)

"But if the wrong consists not of one tort alone, for which the parties are severally liable, but of separate and distinct, although closely connected torts, for which the parties are respectively liable, then the acceptance of satisfaction from one in respect to his part in the wrongdoing does not discharge the others from liability for their respective shares in the transaction." (34 Cyc. 1088, 1089; *Jewett v. Wanshura*, 43 Iowa, 574; *Carson v. Smith*, 133 Mo. 606, 34 S. W. 855; *Pittsburg R. Co. v. Chapman*, 145 Fed. 886, 76 C. C. A. 418; *Schram v. Brooklyn Heights Co.*, 54 N. Y. Supp. 945; *Miller v. Beck*, 108 Iowa, 575, 79 N. W. 344; *Chicago v. Babcock*, 143 Ill. 358, 32 N. E. 271; *Pogel v. Meilke*, 60 Wis. 248, 18 N. W. 927.)

G. W. Lamson, for Respondent.

The rule of joint tort-feasors has no application here, but the rule that "a person injured is entitled to but one satisfaction for the same injury," is nearer in point. (34 Cyc. 1088; *Tompkins v. Clay Street Hill R. Co.*, 66 Cal. 163, 4 Pac. 1165.)

RICE, C. J.—Respondent brought this action to recover for the hire of a horse and buggy, and also for damages resulting to the property while in the possession of appellant as bailee. Appellant answered and filed a counterclaim, alleging damages for breach of warranty that the horse was gentle and trustworthy; that it was in fact fractious and unmanageable, on account of which he was injured while exercising due care on his part.

It appears that the injury occurred in the streets of Nampa, upon the approach of an interurban car operated

by the Boise Valley Traction Company. At the trial, during cross-examination of appellant, and over an objection, the court received in evidence a copy of a paper purported to have been executed by appellant, in which he acknowledged receipt of fifty dollars from the Boise Valley Traction Company "in full settlement, discharge and release of every and all claim for damages on account of injury sustained" at the time of the accident, in consideration of which appellant "releases, discharges and acquits the Boise Valley Traction Company . . . . from every and all liability, claim and demand, whether contingent or accrued, on account of said injury or injuries, or any injuries." This paper, being a copy, of course, was incompetent in the absence of proof that the original could not be obtained, and it was also improperly introduced as a part of the cross-examination of appellant. Appellant has not urged these objections in this court, and we assume he has waived them; but he does urge that the document was inadmissible in evidence for any purpose, and that its admission was harmful and prejudicial.

The document is to be construed as a release, having the effect of an agreement not to sue, and not as an acknowledgment of satisfaction for the injuries received. The Boise Valley Traction Company was not in any sense a joint tort-feasor with respondent. The release, therefore, was not a bar to the counterclaim against respondent. (*Miller v. Beck & Co.,* 108 Iowa, 575, 79 N. W. 344; *City of Chicago v. Babcock,* 143 Ill. 358, 32 N. E. 271; *Pogel v. Meilke,* 60 Wis. 248, 18 N. W. 927; *Murphy v. Penniman,* 105 Md. 452, 121 Am. St. 583, 66 Atl. 282; *Snow v. Chandler,* 10 N. H. 92, 34 Am. Dec. 140; *Pittsburg Rys. Co. v. Chapman,* 145 Fed. 886, 76 C. C. A. 418; 34 Cyc. 1088.)

Since, however, appellant was only entitled to receive compensation for his injuries received, the consideration received from the Boise Valley Traction Company for the release of any claim against it operated to reduce *pro tanto* the amount of any damages he was entitled to recover against any other tort-feasor responsible for his injuries, and this is true whether the tort-feasors be joint or independent. The re-

lease, therefore, was admissible in evidence. (*Murphy v. Penniman, supra; Snow v. Chandler, supra; City of Chicago v. Babcock, supra; Miller v. Beck & Co., supra; Ellis v. Esson,* 50 Wis. 138, 36 Am. Rep. 830, 6 N. W. 518.)

Appellant specifies as error the failure of the court to give certain instructions requested by him, but the instructions given by the court contained the substance of the requested instructions so far as they stated the law applicable to the case.

We do not find any prejudicial error in the record, and the judgment is affirmed.   Costs awarded to respondent.

Budge, McCarthy, Dunn and Lee, JJ., concur.