238 P.2d 1154

VALLES et ux. v. UNION PAC.
R. CO. et al.

VALLES v. UNION PAC. R. CO. et al.

Nos. 7763, 7764.

Supreme Court of Idaho.

Dec. 21, 1951.

Bryan P. Leverich, Salt Lake City, Utah, L. H. Anderson and E. H. Casterlin, Pocatello, and Ryan & Ryan, Weiser, for appellant Railroad.

Hawley & Marcus, Boise, for defendants Nakamura.

Donart & Donart, Weiser, and Welker & Daniel, Payette, for respondents.

GIVENS, Chief Justice.

In the western portion of Weiser, the four parallel tracks of appellant Railroad Company extend approximately east and west. The northernmost track is a siding; the second track from the north is a passing or side track; the third is the main line, and the fourth track from the north is another passing or side track.

A little after 6 o'clock in the morning of May 29, 1950, Saturo Nakamura, driving his automobile, approached these tracks from the north. In the back seat of his car were four young Mexicans, brothers and sisters, two boys and two girls, whom he had just employed at a transient Labor Camp situated a short distance north of the tracks and along the road (West 9th Street) upon which he was traveling south en route to his farm south of the tracks. A west-bound train pulled out in front of him on the second track from the north. He waited until this train was—as he estimated—about half a block to the west, and then started slowly across the four tracks. He testified he looked to the right and left and saw no approaching train and heard no whistle blowing or bell ringing and came onto the main line track. As he did so, appellant's Streamliner from the west on the main line track, i.e., third from the north,

struck the automobile hurling it some forty to fifty feet across the fourth track from the north, i.e., the most southerly track. Nakamura and three other occupants were thrown out of the automobile and one remained therein. The two girls and one boy were killed and the other boy, Eligio Valles, and Nakamura were severely injured.

.The parents of the youths brought one suit against appellant Railroad Company and Nakamura and his associates, as engaged in a joint enterprise, and so admitted by the defendants Nakamura, No. 4702 in the District Court, on four causes of action, $20,336.15 for each one of their decedent children and $5,000 for Eligio's permanent, partial disablement which decreased his ability to contribute to their support; and $1,500 hospital and medical fees. Suit No. 4706 was instituted by his father as guardian ad litem of Eligio for damages suffered by him in the amount of $20,000. Saturo Nakamura cross-complained against the Railroad for damages suffered by him in the sum of $5,000.

The complaints alleged the Railroad Company was negligent in not sounding any whistle or ringing any bell or giving any other audible warning of the approach of the Streamliner: " * * * though the engineer in charge of said train well knew that it would cross said intersection almost immediately after the last car on said train going in the opposite direction would cross said intersection; * * *."

and that Nakamura, driver of the automobile, was negligent: " * * * without first looking to see whether or not there was any train traveling on the main line of said railroad tracks, being the track immediately south of the one upon which said west bound train was traveling, carelessly and negligently and without regard for the safety of said employees and passengers, drove the car by him so operated onto said main line track directly in front of the oncoming train which was traveling in an easterly direction at a high and excessive rate of speed; that if said defendant, Saturo Nakamura, had looked to his right before driving onto said main line track, he could and would have observed the approach of said train so traveling in an easterly direction, but said defendant, Saturo Nakamura, in so driving said automobile, drove the same onto said main line track carelessly and negligently and without first looking to his right to ascertain whether he could safely proceed onto said track, and as a result thereof the car by him so driven was struck by the engine of said east bound train with terrific force and violence, * * *; * * *."

The jury first rendered these verdicts in favor of respondents:

"No. 4702. We, the Jury impaneled to try the above-entitled action, do find for the plaintiffs, and against the Union Pacific Railroad Company, Saturo Nakamura, Kakuju Nakamura, and Mitsuru Nakamura, and assess plaintiffs' damages as follows:

"On the first cause of action, the sum of $5336.15.

"On the second cause of action, the sum of $5337.20.

"On the third cause of action, the sum of $5353.20.

"On the fourth cause of action, the sum of $3973.45."

"No. 4702. We, the Jury impaneled to try the above-entitled action, do find for the plaintiffs, and against Saturo Nakamura, Kakuju Nakamura, and Mitsuru Nakamura, and assess plaintiffs' damages as follows:

"On the first cause of action, the sum of $1334.04.

"On the second cause of action, the sum of $1334.30.

"On the third cause of action, the sum of $1338.30.

"On the fourth cause of action, the sum of $ 993.36."

and as follows in No. 4706:

"We, the Jury impaneled to try the above-entitled action, do find for the plaintiff, and against Saturo Nakamura, Kakuju Nakamura, and Mitsuru Nakamura, and assess plaintiff's damages in the amount of $993.36."

"We, the Jury impaneled to try the above-entitled action, do find for the plaintiff, and against the Union Pacific Railroad Company, Saturo Nakamura, Kakuju Nakamura, and Mitsuru Nakamura, and assess plaintiff's damages in the amount of $3973.-45."

The Court advised the jury he could not accept the above verdicts for respondents because they amounted to double verdicts or awards. The first verdict in Suit No. 4702 was against both defendants, the second against only one; consequently, it was impossible to determine whether the total in the first included the amount of the second, or the second amount was in addition to the first. The same situation existed, in substance, in Suit No. 4706. Whereupon, the jury retired and returned verdicts as follows in Suit No. 4702:

"We, the jury impanelled to try the above entitled action, do find for the plaintiffs and against the Union Pacific Railroad Company, and assess plaintiffs' damages as follows:

"On the First Cause of Action, the sum of ............... $4002.11

"On the Second Cause of Action, the sum of ............... 4002.90

"On the Third Cause of Action, the sum of ............... 4014.90

"On the Fourth Cause of Action, the sum of ............... 1125.00"

"We, the jury impanelled to try the above entitled action, do find for the plaintiffs and against Saturo Nakamura, Kakuju Nakamura and Mitsuru Nakamura, and assess plaintiffs' damages as follows:

"On the First Cause of Action, the sum of ............... $1334.04

"On the Second Cause of Action, the sum of ............... 1334.30

"On the Third Cause of Action, the sum of ............... 1338.30

"On the Fourth Cause of Action, the sum of ............... 375.00"

And in Suit No. 4706 as follows:

"We, the jury impanelled to try the above entitled action do find for the plaintiff and against the Union Pacific Railroad Company, and assess plaintiff's damages in the amount of $618.36."

"We, the jury impanelled to try the above entitled action, do find for the plaintiff and against Saturo Nakamura, Kakuju Nakamura and Mitsuru Nakamura, and assess plaintiff's damages in the amount of $1855.-08."

The jury found against Saturo Nakamura on his cross-complaint, evidently on the conclusion he was guilty of contributory negligence.

Respective judgments in the two cases were entered, each judgment, however, being against both defendants but separating the amounts as against the defendants, as indicated in the verdicts. Thereafter, the Nakamuras paid the portion of the judgments against them. After such payment, appellant requested plaintiffs to satisfy the judgments against appellant on the theory payment by the Nakamuras and satisfaction of the portion of the judgments against them, discharged the entire judgments. Plaintiffs refused to so comply and appellant requested the trial Court to so order. Upon the Court's refusal, appellant appealed from the judgments and the Court's orders, which are the subject matter of the controversy now before us.

No objections were made by either party to the forms of the final verdicts or the manner in which they were rendered at the time they were returned by the jury. Vide, Judd v. Oregon Short Line R.R. Co., 55 Idaho 461, at page 479, 44 P.2d 291.

Upon the argument of the case, appellant conceded the two defendants were independent tort feasors.

■ Witnesses for appellant testified the whistle on the Streamliner was blown at various points as it was approaching the crossing. Witnesses for respondents testified they were in positions to hear and listen, did so, and heard no bell or whistle. There thus was a conflict in the evidence and this question was for the jury. Hobbs v. Union Pacific R.R. Co., 62 Idaho 58, at page 64, 108 P.2d 841; 162 A.L.R. 105n. Thus, and on the hereinafter analysis as to proximate cause, the learned trial Court properly denied appellant's motion for nonsuit and directed verdicts.

Appellant contends, nevertheless, as its first assignment of error now before us, that Saturo Nakamura was guilty of contributory negligence in that he did not stop, look and listen when in a place of safety and that he could and should have seen the Streamliner. Appellant does not particularly stress that Saturo Nakamura's contributory negligence was imputed to respondents' decedents or Eligio, but perhaps sufficiently so presents it that we should dispose of it. The Court instructed that Nakamura's contributory negligence, if any, was not imputed to decedents or Eligio (Instr.

No. 10), but that decedents and Eligio were not absolved from exercising care for their own safety (Instr. No. 14).

Decedents and Eligio were employees of Saturo Nakamura and his associates. At the trial Eligio testified through an interpreter. He suffered a concussion in the accident and remembered nothing of the affair; the youths had no dominion or control over the driver and under the circumstances Nakamura's contributory negligence, if any, was not imputable to them. Gardner v. Hobbs, 69 Idaho 288, at pages 292–293(3), 206 P.2d 539, 14 A.L.R.2d 478; Dameron v. Yellowstone Trail Garage, 54 Idaho 646, at page 653(8), 34 P.2d 417, 95 A.L.R. 851, at page 861n; Maier v. Minidoka County Motor Co., 61 Idaho 642, at page 658(14, 15), 105 P.2d 1076.

Appellant's main contention on this point is that Saturo Nakamura's contributory negligence was the proximate cause; that is, the final, actual, intervening cause of the injury, which interrupted and cut off appellant's negligence, if any, and therefore, since there can be but one proximate cause, Nakamura's contributory negligence is the proximate cause which absolves appellant from liability.

The relative distance of the Streamliner from the crossing when the engine thereof was visible to Saturo Nakamura from behind the retreating end of the westbound train; his speed in approaching and entering the crossing; when the engineer and fireman saw the automobile, and what, if any, might have been the effect upon Nakamura if the whistle had been sounded, were fully delineated.

The solution of and factual conclusion to be drawn from, these various factors were clearly within the province of the jury. Hobbs v. Union Pacific R.R. Co., supra.

The Court instructed the jury on this feature of the case without objection to or criticism thereof, as follows:

"Instruction No. 7

"A proximate cause is one from which the injury complained of is the ordinary and natural result, and is usual and might have been reasonably expected to occur from such cause.

"In order to warrant a finding that negligence is the proximate cause of an injury, it should appear that the injury was the natural and probable consequence of the negligent act, and that it ought to have been foreseen—not necessarily the precise actual injury, but some like injury likely to result therefrom."

"Instruction No. 8

"You are instructed that the proximate cause of an injury may be the concurrent negligent acts or omissions of two or more persons acting independently of each other."

"Instruction No. 9

"You are instructed that the negligence of any one of the defendants in order to render such defendant liable, need not be the sole cause of an injury. It is sufficient

that his negligence, concurring with one or more efficient causes, other than the plaintiff's fault, is the proximate cause of the injury. Accordingly, where several causes combine to produce injuries, a person is not relieved from liability because he is responsible for only one of them, it being sufficient that his negligence is an efficient proximate cause, without which the injury would not have resulted, and that such other cause is not attributable to the negligence of the plaintiff. It is no defense to any one of the several defendants that the injury would not have resulted from his negligence alone, without the concurrent negligence or wrongful act of the other defendants."

"* * * where the original negligence continues and exists up to the time of the injury, the concurrent negligent act of a third person causing the injury will not be regarded as an independent act of negligence, but the two concurring acts of negligence will be held to be the proximate cause of the injury." Lacy v. Pacific Gas & Electric Co., 220 Cal. 97, 29 P.2d 781, at page 782.

"(c) It is next contended that ordering Ferrell to work on the edge of the avenue was not the proximate cause of the accident; Carlton's act being the proximate cause. It is too well settled in our jurisprudence to need citation of authorities that the concurring negligence of two or more persons proximately contributing to an injury does not constitute independent causes or efficient causes.

"Of course if no person had driven an automobile on the street in question about 11 a. m. on that day, this injury would not have occurred. It is likewise true that, if Tatum had warned Ferrell of the approaching truck, his injury would not have occurred; or, if the master had otherwise warned Ferrell, it would not have occurred.

"The negligence of Carlton was a proximate contributing cause, and, together with the negligence of the master in not warning the servant of the imminent danger, contributed to the result. Useless each without the other." Gulf Refining Co. v. Ferrell, 165 Miss. 296, 147 So. 476, at page 478(4, 5).

"* * * The rule derived from the following cases is that negligence, contributory negligence, and proximate cause are questions for the jury unless the proof is so clear that different minds cannot reasonably draw different conclusions or where all reasonable minds would construe the facts and circumstances of the case in only one way." (Cases) Mason v. Hillsdale Highway Dist.; 65 Idaho 833, at page 845, 154 P.2d 490, 496; Pittman v. Sather, 68 Idaho 29, at page 41, 188 P.2d 600; Hooton v. City of Burley, 70 Idaho 369, at page 377(9), 219 P.2d 651.

■ The theory that concurrent acts of negligence may, and so found by the jury, jointly or independently constitute the proximate cause, and that the determination of what is the proximate cause is essentially a jury question is not out of harmony,

with the gist of the pronouncement in Stearns v. Graves, 62 Idaho 312, at page 320(5), 111 P.2d 882.

■ This phase of the respective cases was, therefore, properly submitted to the jury and the evidence legitimately sustains its verdicts.

The trial jury, by its reformation of its verdicts, after rejection by the trial Court of those first rendered, clearly indicated the full award on the respective causes of action in the two suits was the sum of the amounts found against the separate defendants—not the larger or lesser amounts, but the total.

■ The releases,[1] alike except as to names and amounts, satisfied the judgments against the Nakamuras only, not the portions against appellant.

The applicable law is thus conclusively stated: "Even if it were to be conceded that the city of Los Angeles was a joint tort-feasor with these appellants and that the same liability rested upon it as such for her injuries, it is well-settled rule that be-fore one joint tort-feasor can be held to be discharged from liability through the release of another, the consideration for such release must have been accepted by the plaintiff in full satisfaction of the injury. 1 Cyc. 318, and cases cited; Ellis v. Esson, 50 Wis. 138, 6 N.W. 518, 36 Am.Rep. 830; Chamberlin v. Murphy, 41 Vt. 110; Smith v. Gayle, 58 Ala. 600; Snow v. Chandler, 10 N.H. 92, 34 Am.Dec. 140; Whiting v. Plumas County, 64 Cal. 65, 28 P. 445." Wallner v. Barry, 207 Cal. 465, 279 P. 148, at page 151.

■ It is necessary that we hold the above law pertinent only as to independent tort-feasors. We hold neither way herein as to joint tort-feasors. "A release of a cause of action against a wrongdoer is not a release of a separate or distinct cause of action against another independent wrongdoer. It follows that the mere release of Wubben from liability did not result in the discharge of the cause of action against defendants." Ash v. Mortensen, 24 Cal.2d 654, 150 P.2d 876, at page 878(6, 8).

1. "For and in consideration of the sum of Four Thousand, Four Hundred Eight, and 51/100 ($4,408.51) Dollars, paid to Perfecto Valles and Tomasa Costante Valles, plaintiffs, by Saturo Nakamura, Kakuju Nakamura and Mitsuru Nakamura, defendants in the above entitled action, which satisfaction is hereby acknowledged of the judgment entered in said action on the 9th day of December, 1950, in favor of the plaintiffs in said action against Saturo Nakamura, Kakuju Nakamura and Mitsuru Nakamura, de-fendants therein for the sum of Four Thousand, Three Hundred Eighty-one and 64/100 ($4,381.64) Dollars, and for Twen-ty-six and 87/100 ($26.87) Dollars costs, said judgment being recorded in Book K of Judgments, at page 72, Office of the County Recorder, Washington County, State of Idaho, and I hereby authorize and direct the Clerk of said court to en-ter satisfaction of said judgment of rec-ord, for and in behalf of said Saturo Nakamura, Kakuju Nakamura and Mitsuru Nakamura."

240

Supporting this theory are the following authorities: Alexander v. Hammarberg, 103 Cal.App.2d 872, 230 P.2d 399, at page 405 (5, 6); Bailey v. Delta Electric Light, Power & Mfg. Co., 86 Miss. 634, 38 So. 354; Berry v. Pullman Co., 5 Cir., 249 F. 816, at page 821, L.R.A. 1918F, 358; Bland v. Lawyer-Cuff Co., 72 Okl. 128, 178 P. 885, at page 889; City of Tulsa v. McIntosh, 90 Okl. 50, 215 P. 624, at page 627, on rehearing; Adams v. Stanolind Oil & Gas Co., 187 Okl. 478, 103 P.2d 526.

Young v. Anderson, 33 Idaho 522, 196 P. 193, 50 A.L.R. 1056, is clearly distinguishable from the situation herein because it was premised on the theory that the amount of the judgment contained there (only one tort-feasor was sued, the other had paid prior to the suit) was *the full award*, perforce not separated as herein.

The analysis of Young v. Anderson, supra, in Husky Refining Co. v. Barnes, 9 Cir., 119 F.2d 715, 134 A.L.R. 1221, at page 1225, notes such distinction and, therefore, both cases really sustain our conclusion. See also the discussion anent Young v. Anderson, supra, in Black v. Martin, 88 Mont. 256, 292 P. 577, at page 580 et seq.

This thought is further borne out by the annotations at 148 A.L.R. 1295.

Too many courts in maundering on this subject have made such a fetish of the pat phrase, "there can be but one recovery for a tort," they have lost sight of and ignored the fundamental factor in even handed justice that it is as imperative that the tort claimant shall receive full compensation, as it is that the tort-feasors shall not pay twice or more than the *full* award, determined judicially or otherwise, as a unit or piecemeal.

The judgments against appellant and the orders of the trial Court denying appellant's motions for orders requiring plaintiffs to satisfy the judgments entered against the appellant Company in the two cases, i.e., Suits No. 4702 and No. 4706, appealed from herein, are affirmed. Costs awarded to respondents.

PORTER, TAYLOR, THOMAS and KEETON, JJ., concur.