[Civ. No. 12276.   Second Dist., Div. One.—April 24, 1941.]

RUTH A. ROSS et al., Appellants, v. GEORGE L. BALD-
WIN, Respondent.

Nourse & Jones, Paul Nourse and John B. Connolly for
Appellants.

Sigurd E. Murphy and Bernard E. Allard for Respond-
ent.

YORK, P. J.—This is an appeal from a judgment entered
in favor of respondent, George L. Baldwin, in an action
brought by the widow and minor children of Cleo Francis
Ross to recover damages for his wrongful death by reason
of the alleged negligence of the said respondent.   It was
consolidated for trial and tried upon the same evidence with
an action brought by said respondent against the Davis Per-
fection Bread Company, the employer of decedent.   The jury
returned separate verdicts in each case in favor of the de-
fendants, that is, the jury denied a recovery either to the

heirs of decedent Ross or to Baldwin, thereby impliedly finding that both decedent Ross and respondent Baldwin were negligent.

The accident under consideration occurred after dark around 7:30 o'clock in the evening of April 30, 1938, at the intersection of Chase Avenue and Sepulveda Boulevard in the San Fernando Valley within the limits of the city of Los Angeles. Sepulveda Boulevard runs in a generally north and south direction and is approximately 30 feet in width at the site of the accident, 20 feet being paved concrete with a five foot asphalt shoulder on either side thereof. Chase Avenue is 20 feet in width between curbs as it extends westerly from Sepulveda.

Cleo Francis Ross, the decedent, was driving a bread truck in an easterly direction on Chase Avenue at a point slightly to the west of its intersection with Sepulveda. Respondent Baldwin, accompanied by Mrs. Degnan, was driving a Pontiac coupe south on Sepulveda. The two machines collided in the westerly half of Sepulveda at the said intersection. After the collision the Pontiac car veered in a southeasterly direction, jumped an embankment along the easterly side of Sepulveda and came to rest in a freshly plowed and harrowed field approximately 67 feet from the point of impact. The bread truck was thrown in a southeasterly direction by the force of the impact and came to rest on its side about 60 feet therefrom. Injuries sustained by the driver when he was pinned beneath the overturned bread truck resulted in his death a very short time thereafter.

Paul R. Merritt, the only eye-witness to the collision with the exception of respondent Baldwin and his companion, Mrs. Degnan, testified that he was sitting in an automobile facing west which was parked on Chase Avenue about 300 feet east of its intersection with Sepulveda Boulevard; that he saw the headlights of the bread truck, which was being driven by decedent Ross, to the south of the center of Chase Avenue when it was about a block west of the intersection of Sepulveda. This witness further testified that he saw the Pontiac coupe coming south on Sepulveda Boulevard at a speed of 35 or 40 miles per hour when it was about 200 feet north of the point of impact.

Respondent Baldwin testified that just prior to the accident, he was driving his car at a speed of between 40 and

45 miles per hour, and as he approached the intersection in question, he took his foot off the accelerator reducing his speed to between 30 and 40 miles per hour; that he was driving approximately one or two feet from the westerly or right-hand edge of Sepulveda Boulevard; that when he was within 30 feet of the point of impact he swerved slightly to the left but did not apply his brakes, and the right front corner of his coupe came into contact with the left front corner of the bread truck; that the headlights of the truck were turned slightly to the north; that when said witness first saw the bread truck, its front end was "15 feet from the westerly edge" of the paved portion of Sepulveda Boulevard, no part thereof having reached said paved portion at that time; that the back end of the truck was about even with the "stop" sign on Chase Avenue, or about 36 feet west of the "westerly edge of the paved portion of Sepulveda"; that the bread truck continued to travel on a diagonal to the northeast across the intersection at a speed of 25 miles to the point of impact.

Mrs. Degnan testified that when she first saw the bread truck, the Pontiac coupe in which she was riding was about two and a half car lengths from the truck; that the truck was traveling at a speed of about 25 miles per hour and the coupe around 30 or 35 miles per hour. Asked to explain how the two machines came together, this witness replied: "The bread truck hit us, or hit the Pontiac, on the right-front wheel, and then it seemed to me that the rear of the truck hit the back of the Pontiac, kind of glanced off to the side."

A review of the record discloses that no witness called at the trial was able to state whether or not the decedent had brought his automobile to a stop before entering the intersection, nor able to state the distance respondent's car was from the intersection at the time the decedent started to enter the intersection after making the boulevard stop, if he did make one.

Appellants urge that the giving of four specific instructions by the court to the jury constituted prejudicial error; also that the court erred in denying their motion for a new trial on the ground of newly discovered evidence.

The first instruction of which appellants complain reads as follows:

"You are instructed that the mere fact that there was an accident does not raise any presumption at all that the defendant George L. Baldwin was in any wise negligent, or is in any wise responsible therefor. It is necessary for the plaintiffs, in the action wherein George L. Baldwin is the defendant, to prove their case by a preponderance of all the evidence, and in order to establish a case it is necessary that they prove that the defendant George L. Baldwin was negligent, and that such negligence, if any, *was the sole proximate cause of the accident*. Even if you should find that George L. Baldwin was negligent, yet if you also find that Cleo Francis Ross was likewise negligent and that the negligence, if any, of Cleo Francis Ross proximately contributed to the happening of the accident in any degree, no matter how slight, then in such event your verdict must be in favor of the defendant George L. Baldwin, in the action wherein he is the defendant."

Appellants contend that this instruction "erroneously placed upon the plaintiffs the burden of proving that the decedent's negligence was not a proximate cause of the accident. This instruction was therefore in direct conflict with the instruction which told the jury that the burden of proving this fact was upon the defendant, and reading the instructions as a whole, it is impossible to harmonize the erroneous instruction with the correct instruction. If the jury believed and followed the instruction complained of, it was misled; if it believed and followed the other, then it was not misled. Who has the power to state which instruction governed the jury in their deliberations?"

Unquestionably, the instruction complained of is an incorrect exposition of the law upon the issue presented to the jury. As was stated in *Griffith* v. *Oak Ridge Oil Co.*, 190 Cal. 389, 392 [212 Pac. 913] : "The law does not require that the negligence of the defendant must be the sole cause of the injury complained of in order to entitle the plaintiff to damages therefor."

In the instant case the appellants were without direct evidence of decedent's conduct and were forced to rely upon the presumption that he used due care for his own concerns, and that he obeyed the law. Respondent and his passenger, on the other hand, gave testimony from which the decedent's failure to make a boulevard stop might be inferred. There-

fore, if the jury followed the instruction complained of, it might have determined that appellants did not meet the burden of proving that respondent's negligence was the sole proximate cause of the accident because of their failure to produce any direct evidence to offset the evidence of respondent and his witnesses.

As was stated in *Soda* v. *Marriott*, 118 Cal. App. 635, 643 [5 Pac. (2d) 675], "If a single instruction omits an essential element of the cause, but is a correct declaration of the law so far as it goes, and the omitted element is correctly given in another instruction, the omission will ordinarily be cured thereby. If, however, an essential principle of law is stated to the jury materially incorrect, this prejudicial error will not ordinarily be cured by a correct declaration of the same principle in another instruction. The giving of instructions which are contradictory in essential elements may warrant the reversal of a judgment, for the reason that it is impossible to determine which charge controlled the determination of the jury." See, also, *Miner* v. *Dabney-Johnson Oil Corp.*, 219 Cal. 580, 583 [28 Pac. (2d) 23], where the above statement is quoted with approval.

Having determined that the trial court fell into error in giving this instruction, we cannot escape the conclusion that it was prejudicial. For this reason it is obvious that a reversal of the judgment herein must be directed, therefore, we do not deem it necessary to pass upon the other points raised by this appeal.

The judgment is reversed, and the cause remanded for a new trial.

Doran, J., and White, J., concurred.

A petition for a rehearing was denied May 19, 1941, and respondent's petition for a hearing by the Supreme Court was denied June 19, 1941.