## CRIST v. PENNSYLVANIA R. CO.

### Civ. A. No. 8436.

United States District Court
W. D. Pennsylvania.

March 14, 1951.

244

Robert B. Ivory, of Evans, Ivory & Evans, Pittsburgh, Pa., for plaintiff.

Samuel W. Pringle, of Dalzell, McFall, Pringle & Bredin, Pittsburgh, Pa., for defendant.

GOURLEY, District Judge.

This is an action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

The defendant moved for a directed verdict at the close of the evidence, which was refused, and the jury disagreed.

The defendant now moves for judgment in accordance with its motion for a directed verdict. Rule 50(b), Federal Rules of Civil Procedure, 28 U.S.C.A.

The problem resolves itself into whether under all the evidence and the reasonable inferences drawn therefrom, considered in the light most favorable to the plaintiff, does a right to recover exist? Marsh v. Illinois Central Railroad Co., 5 Cir., 175 F.2d 498.

Courts are not free to reweigh the evidence and set aside the jury verdict because the jury could have drawn different inferences or conclusions, or because judges feel that other results are more reasonable. Masterson v. Pennsylvania R. R. Co., 3 Cir., 182 F.2d 793.

There has been only one point raised which presents a problem that requires discussion.

Is there sufficient evidence in the record to support the conclusion that the plaintiff was acting within the scope of his employ-

ment under the Federal Employers' Liability Act at the time of the accident?

When consideration is given to the evidence and all reasonable inferences to be drawn therefrom in a light most favorable to the plaintiff, it appears that the plaintiff called the office of the crew dispatcher, as was the procedure followed for assignment of work, to determine if there was any employment available in the Cresson Yards. Plaintiff was informed that there was no work in Cresson, but that a special train was to be taken to Pittsburgh where work would be waiting for him when he arrived. During said journey to Pittsburgh, the accident occurred which gave rise to this action.

Plaintiff did not know any of the dispatchers, of whom there were three or four, by name, nor did he recognize their voices.

Defendant presented the different crew dispatchers who allegedly worked at the Cresson office on the day in question who all denied that any such conversation took place.

 The rule requiring the identity of the speaker to be established is subject to a well recognized exception to the effect that, where the witness called the office of a party on the telephone, testimony as to a conversation had with a person answering the telephone and purporting to do so on behalf of the party is competent, although the witness did not recognize the voice of the person who spoke and is unable to identify the speaker, for the reason that one who answers a telephone call from the place of business of the person called for, and undertakes to respond as his agent, is presumed to have authority to speak for him in respect to the general business there carried on and conducted. 31 C.J.S., Evidence, § 188, p. 910; John Alt Furniture Co. v. Maryland Casualty Co., 8 Cir., 88 F. 2d 36; Wahl v. State Workmen's Insurance Fund, Appellants, 139 Pa.Super. 53, 11 A. 2d 496.

Such proof of identity is merely prima facie and is subject to rebuttal. 31 C.J.S. Evidence, § 188, p. 911.

In view of the foregoing, after viewing the evidence and all inferences reasonably to be drawn therefrom in a light most favorable to the plaintiff, it is my judgment a jury question exists and as a matter of law a basis exists upon which a verdict would be sustainable.

The motion for judgment on the record is refused.

An appropriate order is entered.