381 P.2d 286

**John PIGG, Plaintiff-Appellant,**

v.

**Dewey BROCKMAN, James Trummell, and the State of Idaho, Defendants-Respondents.**

No. 8943.

Supreme Court of Idaho.

April 19, 1963.

Rehearings Denied May 20, 1963.

J. F. Martin and C. Ben Martin, Boise, for respondent State of Idaho.

Vernon K. Smith, Boise, for appellant.

Benoit & Benoit, Twin Falls, for respondents Dewey Brockman and James Trummell.

McFADDEN, Justice.

On September 15, 1953, shortly after 7:00 o'clock P.M., appellant John Pigg's automobile collided with a truck driven by respondent Dewey Brockman, which truck was owned by respondent James Trummell. Appellant instituted this action against Trummell, Brockman, the State of Idaho, and Eugene Hagler, a member of the Idaho State Police, to recover for his personal injuries and the damages to his automobile resulting from the accident.

The action was initially dismissed by the trial court, as to Police Officer Hagler and as to the State of Idaho. On appeal this judgment of dismissal as to Hagler was affirmed, and the judgment of dismissal as to the State of Idaho was reversed in Pigg v. Brockman, 79 Idaho 233, 314 P.2d 609, wherein it was held that by reason of a liability insurance policy having been issued to the State of Idaho, in the event of a verdict being returned against the State, a judgment could be entered against it within the policy limits.

Appellant by his amended complaint charged negligence on the part of driver Brockman and owner Trummell in operating the vehicle without proper headlights and clearance lights; with an over-width load, after sunset, without a pilot car in front thereof; in driving the truck into, and stopping in and thus obstructing appellant's lane of traffic. He charged officer Hagler and the State of Idaho with negligence in parking Hagler's patrol car in such a manner its headlights were shining across the highway into the eyes of persons using appellant's lane of traffic, and particularly in so blinding the appellant. It is also alleged in the complaint: "That each of the before mentioned acts of negligence and unlawful acts of the before named defendants, and each of them concurred as a joint proximate cause of the collision hereinabove alleged and the injury and damages to this Plaintiff as hereinafter alleged." Appellant prayed for general and special damages for his injuries and the value of his vehicle.

Respondents Brockman and Trummell, by their answer to the amended complaint, generally denied negligence on their part;

as an affirmative defense they alleged that appellant's injuries and damages, if any, were proximately caused by his own negligence; as a second affirmative defense it was alleged that at the point where the accident occurred Officer Hagler, in his capacity as a member of the Idaho State Police, had assumed exclusive control of the operation of the Trummell truck.

Respondent State of Idaho by its answer also generally denied the negligence alleged in the amended complaint; it, too, claimed the contributory negligence of appellant was the cause of the accident, charging appellant with failure to have his vehicle under control, failure to see and observe the truck, and with voluntary consumption of alcoholic beverages causing him to drive his car in a reckless, careless and negligent manner.

At the trial of this cause it was established that the respondent, Dewey Brockman, as an employee of Trummell, was driving a Studebaker truck drawing a lowboy semi-trailer upon which was loaded a Caterpillar tractor and bulldozer. Brockman was driving in an easterly direction on State Highway 25 about one-half mile east of Jerome at approximately 6:45 p. m. Officer Hagler observed the truck was being operated in violation of the law in that there was a lack of a "pilot car" traveling in front of the truck to indicate an overwidth load, lack of clearance lights and the left front headlight out. Hagler stopped the truck and instructed Brockman to follow Hagler's vehicle to a place where the truck and trailer could be turned around and taken back to Jerome, Idaho. The vehicles proceeded in an easterly direction, the truck following Hagler's patrol car until they came to a point opposite a driveway on the north side of the highway. Hagler then parked his pilot car on the south side of the road approximately forty feet east of the driveway, crossed the highway on foot and positioned himself on the north side of the highway near the driveway, where he undertook to cause the truck and trailer to be turned around and returned to Jerome. He also directed traffic around the truck and trailer while it was in the process of negotiating this movement. While so directing traffic, Hagler was using a flashlight with attached plastic red baton.

Plaintiff, who was driving on State Highway 25, in a westerly direction, testified that when he first observed the vehicles, he noticed three sets of headlights and presumed that these vehicles were moving toward him on the highway. It was established that one of the sets of lights was that of a third vehicle being driven by one Charles Haight. As plaintiff drove toward the vehicles, he observed the Haight automobile passing the lights of what proved to be the truck and patrol car. He stated that the lights from the Haight car "bothered him some." After passing

the Haight automobile, a short distance east of the other two vehicles, plaintiff testified that he became blinded by the headlights of the patrol car and was unable to see Hagler, then standing on the north side of the highway. Plaintiff further stated that he, due to the lights on the police car was unable to see the truck clearly enough to determine that a portion of the front of the truck extended across the center of the highway into plaintiff's lane of traffic until he had driven past the patrol car and out of the glare of its headlights; that his lack of knowledge that a portion of the truck was in his lane of traffic was accentuated by the fact that the left front headlight of the truck was not burning. Plaintiff testified that after passing the patrol car he immediately came upon Hagler, whom he saw for the first time. Appellant stated that Hagler was standing on the oiled portion of the north side of the highway in his lane of traffic; that appellant had to steer his automobile to the left to avoid striking him with his car; and that he did not thereafter have time to veer back to the right to avoid colliding with the truck.

Appellant further testified that he had been driving at a speed of approximately fifty miles per hour when he approached the vehicles; that prior to the collision he reduced his speed by as much as five or ten miles per hour; that it was dark and headlights were required at the time of the accident; that he did not see any flashing red light on top of the police car or the red baton being used by Hagler to direct traffic; and that he had drunk only one bottle of beer prior to the accident.

Officer Hagler's testimony is at variance with much of appellant's testimony. Hagler states that he parked his patrol car on the extreme right side of, and parallel to, the highway; that a flashing red blinker light on its top was burning; that while directing traffic, he was standing on the north shoulder of the road and off the oiled portion of the highway; that there was ample room for appellant's vehicle to pass him without hitting him; that the appellant was traveling at a speed in excess of sixty miles per hour; and that appellant did not reduce his speed prior to the time of the collision. Hagler further stated when he parked his patrol car its lights were on dim, the lower beam.

Following the collision, Hagler testified that he could smell alcohol on the breath of appellant and that he ordered a sample of appellant's blood be taken to be analyzed for alcoholic content.

The testimony of other witnesses is at variance concerning several issues material to this case. Some testified that at the time of the collision it was shortly after sunset and still sufficiently light to enable them to see without the aid of headlights; others stated that headlights were required;

and still another witness stated that the headlights of the patrol car "blinded" her.

The evidence is also conflicting concerning the position of the truck at the time of the accident. Pictures of the truck indicate the left front wheel of the truck was slightly to the south of the center line on the highway. These pictures also indicate that a portion of the front bumper extended beyond the center line into the north lane. It is contended by appellant that the truck was positioned further onto the north lane of traffic at the time of the accident and that it had been moved back prior to the time these pictures were taken. This is denied by respondents. There is testimony in support of both contentions.

Conflicting testimony was given concerning the position of the vehicle driven by Hagler, the direction its lights were shining, and whether the flashing red blinker light on top of the patrol car was burning.

Motions for directed verdicts were made by respondents at the close of the plaintiff's case in chief, and renewed at the end of all testimony. These respective motions were based on the claimed failure of appellant's proof to establish negligence, and that as a matter of law appellant was guilty of contributory negligence. The motions were denied by the court and the cause submitted to the jury, which returned a verdict for defendants Brockman and Trummell. The jury was unable to arrive at a verdict insofar as the action against the State of Idaho was concerned. Appellant submitted his motion for new trial, claiming error in instructions given to the jury on proximate cause; error in refusing to strike certain evidence and in allowing certain opinion testimony; error by the trial court in improperly commenting on certain matters. The State of Idaho submitted its motion for judgment notwithstanding the disagreement of the jury.

The trial court denied appellant's motion for new trial, and granted the respondent State of Idaho's motion for judgment notwithstanding the disagreement of the jury. Judgments were entered accordingly. This appeal was taken from these judgments and from the order denying appellant's motion for new trial.

Appellant assigns error in the granting of the State's motion for judgment notwithstanding the disagreement of the jury. He contends the evidence is conflicting as to the question of the negligence of Officer Hagler, and as to the question of appellant's contributory negligence. Appellant urges that these issues were properly jury questions and that the trial court erred in ruling as a matter of law that appellant was not entitled to recover from the State of Idaho.

In 2B Barron and Holtzoff, Federal Practice and Procedure, § 1078, it is stated:

"Under Rule 50(b), [identical to I.R.C.P. 50(b)] if the jury fails to

agree, a party may renew his motion for a directed verdict but where there is evidence of substantial character which, if believed by the jury, would require a verdict for his adversary, the court will permit a retrial and deny the motion for a directed verdict."

██ The motion for a judgment notwithstanding the disagreement of the jury is authorized by I.R.C.P. 50(b), and is subject to the same rules as are applied in considering a motion for a judgment notwithstanding the verdict of the jury. See: Crist v. Pennsylvania R. Co., (D.C.Pa.) 96 F.Supp. 243; Sloane v. Powell, 69 (D.C.N.Y.) F.Supp. 1016; Howard v. United States, (D.C.Tenn.) 1 F.R.D. 361. In considering such a motion, which is in effect a renewal of a motion for a directed verdict, made at the close of the evidence, the evidence and all reasonable inferences to be drawn therefrom, must be considered in the light most favorable to the opponent. Hobbs v. Union Pacific R. R. Co., 62 Idaho 58, 108 P.2d 841; Manion v. Waybright, 59 Idaho 643, 86 P.2d 181; Ralph v. Union Pac. R. R. Co., 82 Idaho 240, 351 P.2d 464.

In granting the motion of the State of Idaho for judgment notwithstanding the disagreement of the jury, the trial court by memorandum opinion ruled as a matter of law, that appellant failed to establish any act of negligence on the part of the State of Idaho, which proximately caused the collision and injuries resulting therefrom and also that, as a matter of law, appellant was guilty of contributory negligence. As previously noted, there is a conflict in the evidence concerning these issues: the position of the police vehicle; whether the patrol car's red blinker light was operating; where Hagler was standing; whether Hagler was so positioned that appellant could have seen the red baton Hagler was using to direct traffic; appellant's speed; and whether appellant was intoxicated.

██ Viewing the evidence most favorably to appellant, the jury could reasonably have determined that the patrol car was parked in such a manner that its headlights were shining diagonally across the highway and into the eyes of drivers in the oncoming lane of traffic; that appellant was "blinded" by these lights and unable to see Hagler and ascertain the true position of the truck in time to avoid the collision; and that appellant was driving upon the highway at a speed of fifty miles per hour; that he thereafter reduced his speed by as much as ten miles per hour prior to the collision. We conclude there was evidence from which the jury could have found negligence on the part of respondent State. In Buffat v. Schnuckle, 79 Idaho 314, 316 P.2d 887 and again in Shaffer v. Adams, ante, p. 258, 378 P.2d 816, the following rule, applicable herein was stated:

" 'The court may not weigh the evidence, or resolve the conflicts therein, or determine what conclusions should be drawn therefrom. That is the function of the jury, and the essence of a jury trial.' "

See also Hobbs v. Union Pacific R. R. Co., supra, wherein this court held:

"The rule, we think, is that in a motion for * * * directed verdict the evidence must be construed in the light most favorable to plaintiff. It is only where there is an entire absence of testimony tending to establish the case that a nonsuit may be properly ordered or a directed verdict granted. Where the question depends on a state of facts from which different minds may honestly draw different conclusions on that issue the question must be submitted to the jury for determination. Where facts are disputed or inferences therefrom are reasonably disputable, the question is one for the jury."

The trial court erred in entering judgment for the State of Idaho notwithstanding the disagreement of the jury.

Appellant contends that the trial court improperly instructed the jury on the law of proximate cause. The instruction complained of provides as follows:

"INSTRUCTION No. 9

"You are instructed, members of the jury, that the term 'proximate cause' is that final cause antecedent to the infliction of the injury which, in natural and continuous sequence, unbroken by any efficient intervening cause, produced the injury and without which the accident would not have happened or the injury have been sustained. In other words, it is the efficient cause, the one that necessarily set the other causes in operation."

Appellant claims this instruction to be highly prejudicial, asserting this instruction implies proximate cause is related to a single act of negligence, whereas appellant's complaint alleges the joint and concurring acts of negligence on the part of the respective respondents. Appellant urges that the instruction was misleading in that in effect it instructed the jury that there could be only one proximate cause and therefore, all the respondents could not be held as joint tort feasors; appellant further contends that there may be more than one proximate cause of an accident and that any or all of the alleged acts of negligence on the part of the respondents, if proved, could be concurring proximate causes of the accident.

Respondents, Brockman and Trummell, contend that the instruction was proper.

In support of their contention, these respondents rely upon the case of Stearns v. Graves, 62 Idaho 312, 111 P.2d 882, wherein the following dicta appears:

"We are rather of the opinion there can be but one *proximate* cause, * *"

More recent statements of this court appear to be at variance with the above quoted rule. In State ex rel. McKinney v. Richardson, 76 Idaho 9, 277 P.2d 272, it was held:

"It is also erroneous in stating inferentially that negligence on the part of each of the parties may not combine and both be proximate causes, or contributing proximate causes, of the injury."

The case of Russell v. City of Idaho Falls, 78 Idaho 466, 479, 305 P.2d 740, 748, quotes with approval the following, being an excerpt from an instruction approved in Valles v. Union Pacific R. Co., 72 Idaho 231, 238 P.2d 1154:

" 'Accordingly, where several causes combine to produce injuries, a person is not relieved from liability because he is responsible for only one of them, it being sufficient that his negligence is an efficient proximate cause, without which the injury would not have resulted * * *. It is no defense to any one of the several defendants that the injury would not have resulted from his negligence alone, without the concurrent negligence or wrongful act of the other defendants.' "

In Smith v. Sharp, 82 Idaho 420, 426, 354 P.2d 172, 175, this court held:

"Where negligent acts of two or more persons combine to cause injury to another under circumstances such that the negligence of each becomes proximate cause of the injury, the tort-feasors may become jointly and severally liable to the injured party."

See also: Fairchild v. Wiggins, ante, p. 403, 380 P.2d 6, Woodman v. Knight, ante, p. 453, 380 P.2d 222.

Where, as in this case, there is evidence in support of the allegations in the complaint that the negligent acts of several defendants proximately caused the injuries complained of, the jury should be instructed that there may be two or more proximate causes of an injury. This rule is in accord with Riddle v. Artis, 243 N.C. 668, 91 S.E. 2d 894 wherein it was held:

"It is elemental that there may be two or more proximate causes of an injury. These may originate from separate and distinct sources or agencies operating independently of each other; yet if they join and concur in producing the result complained of, the author of each cause may be held liable for the injuries inflicted, * *."

**502**

See also: American Creosote Works of Louisiana v. Harp, 215 Miss. 5, 60 So.2d 514; 35 A.L.R.2d 603, 38 Am.Jur., Negligence, § 63, p. 715; State ex rel. McKinney v. Richardson, 76 Idaho 9, 277 P.2d 272. See also Tillman v. Bellamy, 242 N.C. 201, 87 S.E.2d 253 where, under facts very similar to those in this case, the court held the trial court erred in failing to charge the jury that if the negligence of each of the defendants "was a concurring and contributing proximate cause of the collision and consequent injury" they should find for the plaintiff.

Instruction No. 9 was an erroneous statement of the law under the facts of this case, and such error is prejudicial to appellant; and other instructions could not correct such prejudicial error. In Ross v. Baldwin, 44 Cal.App.2d 433, 112 P.2d 666, the following statement distinguishes the prejudicial effect of an erroneous statement of an essential element, and the non-prejudicial effect of an omission of an essential element in one instruction, covered in a later instruction:

"If a single instruction omits an essential element of the cause, but is a correct declaration of the law so far as it goes, and the omitted element is correctly given in another instruction, the omission will ordinarily be cured thereby. If, however, an essential principle of law is stated to the jury materially incorrect, this prejudicial error will not ordinarily be cured by a correct declaration of the same principle in another instruction."

It is contended the trial court erred in allowing certain witnesses to testify concerning results of a chemical analysis of appellant's blood because no proper foundation had been established. Review of the record fails to substantiate this contention and no error appears. State v. Coburn, 82 Idaho 437, 354 P.2d 751; State v. Webb, 76 Idaho 162, 279 P.2d 634. See also: State v. Wendler, 83 Idaho 213, 360 P.2d 697.

The other assignments of error have been carefully examined. Although the case is being remanded for new trial, it is deemed unnecessary to discuss them for the reason that such assignments pertain to facets of the trial of the action which we cannot assume will be repeated on the retrial.

The judgments are reversed and the cause remanded for a new trial.

Costs to appellant.

KNUDSON, C. J., and McQUADE, TAYLOR and SMITH, JJ., concur.